UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA ALLEN MCLEMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00478-JPH-TAB |
| ) | |
| MATT MEYERS, ) | |
| BARTHOLOMEW COUNTY INDIANA, ) | |
| BARTHOLOMEW COUNTY SHERIFFS ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**Order Screening and Dismissing Complaint, and
Directing Further Proceedings**

Plaintiff Joshua McLemore is an inmate at the Bartholomew County Jail ("BCJ"). Mr. McLemore filed this action pursuant to 42 U.S.C. § 1983. Because Mr. McLemore is a "prisoner," his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b).

### I.     Motion to Proceed *in Forma Pauperis*

Mr. McLemore's motion to proceed *in forma pauperis*, dkt. [2] is **denied** as presented. He shall have until **April 5, 2021**, in which to renew his motion to proceed *in forma pauperis* by attaching a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on March 1, 2021. *See* 28 U.S.C. § 1915(a)(2). Otherwise, he must pay the $402.00 filing fee.

### II.    Screening Standard

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### III.   The Complaint

Mr. McLemore names three defendants: (1) Matt Myers (the sheriff of Bartholomew County); (2) Bartholomew County, Indiana; and (3) the Bartholomew County Sheriff's Department.

According to the complaint, on January 25, 2021, Mr. McLemore's cellmate was removed from their cell two days after being tested for COVID-19. A correctional officer ordered Mr. McLemore out of his cell. Another correctional officer wearing personal protective equipment entered the cell and sprayed down the cell with a disinfecting agent. She sprayed all surfaces within the cell, coating Mr. McLemore's clothing, air vent, sink, shower, etc. with a mist of disinfectant. As soon as she left the cell, Mr. McLemore was ordered to return to it.

Upon entering the cell, Mr. McLemore could smell and taste the chemical agent and knew something was wrong. He hit the emergency call button and informed the guard what was happening, and he was laughed at. For the next hour he tried to get permission to leave the cell because the chemical agent was burning his lungs, and two correctional officers told him, "[d]eal with it. You're not coming out." Dkt. 1 at 3. He had wanted to leave the cell to get something to wipe off the cleaning agent and to allow the chemicals to dissipate. Instead, he remained in the cell

where he continuously inhaled the chemicals. Mr. McLemore believes his lung function has been permanently damaged; he experiences shortness of breath, chest pain, and diminished lung capacity.

### IV.     Discussion

Mr. McLemore alleges that he was subjected to unconstitutional conditions of confinement that resulted in physical harm. If Mr. McLemore is a pretrial detainee at BCJ, his rights are derived from the Due Process Clause of the Fourteenth Amendment, but if he is a convicted prisoner, his rights are derived from the Eighth Amendment. *See, e.g., Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). However, as presented, Mr. McLemore's claims are **dismissed for failure to state a claim upon which relief can be granted**.

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mr. McLemore names Sheriff Myers as a defendant but does not allege any personal involvement on his part, so all claims against him are **dismissed**.

All claims against Bartholomew County and the Bartholomew County Sheriff's Department are **dismissed**. "[M]unicipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional

municipal policies or customs." *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005–06 (7th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Mr. McLemore does not allege that spraying his cell with a chemical disinfectant and then compelling him to immediately return to the cell resulted from either a county or department policy or custom.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Mr. McLemore shall have **through April 5, 2021, in which to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

An amended complaint should in essence tell the Court who did what when. In filing an amended complaint, Mr. McLemore shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ;" (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Order, 1:21-cv-00478-JPH-TAB and have the words "Amended Complaint" on the first page.

If an amended complaint is filed as directed, it will also be screened pursuant to § 1915A. If no amended complaint is filed, this action will be dismissed for the reasons set forth above and final judgment entered without further notice.

V.     Conclusion

Mr. McLemore's motion to proceed *in forma pauperis*, dkt. [2] is **denied** as presented. He shall have until **April 5, 2021**, to renew his motion by submitting a copy of his trust account transactions for the six-month period preceding the filing of this action.

Mr. McLemore's complaint is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. He shall have **through April 5, 2021, in which to file an amended complaint.** Failure to do so will result in the dismissal of this action for the foregoing reasons.

**SO ORDERED.**

Date: 3/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA ALLEN MCLEMORE
170703
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

5